Calvin C. MARTIN, Appellant,

v.

Ira L. ENGLISH, Appellee.

No. 1479.

Supreme Court of Alaska.

Dec. 30, 1971.

Marshall K. Coryell, Anchorage, for appellant.

William A. Greene, Groh, Benkert & Greene, Anchorage, for appellee.

Before BONEY, C. J., and RABINO-WITZ, CONNOR and ERWIN, JJ.

## OPINION

PER CURIAM.

By this appeal appellant attempts to challenge a superior court judgment dissolving a partnership between himself and Ira L. English, d/b/a Katmai Motel, and determining each party's interest in partnership assets.

Appellant has substantially failed to comply with the briefing requirements of Supreme Court Rule 11(a). Although we are reluctant to give an overly technical application to Rule 11(a), and thereby fail to reach the merits of an appeal, the procedural noncompliance here is so substantial and pervasive as to afford neither appellee nor this court any clear indication of what appellant claims as error or the grounds thereof.[1] The most bothersome

---

1. Not only are the subjects treated in appellant's brief not arranged in the proper order, but appellant has entirely failed to include both specifications of error as required by Rule 11(a) (6) and an appendix setting out record page references to allegedly erroneous rulings of the trial court admitting or excluding exhibits as required by Rule 11(a) (9). Appellant's table of authorities does not refer to the pages in his brief where the authorities relied upon are cited as required by Rule 11(a) (1). Nowhere in his brief does appellant refer to pages of the record or the transcript although such reference is required by Rule 11(a) (4) (statement of the case) and Rule 11(a) (8) (argument). Appellant's statement of questions presented for review, which merely queries in vague terms whether the trial court

erred, does not meet the requirements of Rule 11(a) (5); moreover, much that appellant complains of in his argument is not even reflected in his questions presented for review. Nor is appellant's summary of argument, required by Rule 11(a) (7), helpful in this regard. Finally, appellant's argument itself is wholly inadequate under Rule 11(a) (8). In general his argument is conclusionary, vague and disorganized. Moreover, only two nonstatutory authorities are relied upon, one irrelevant and the other for a proposition for which it does not stand.

Although appellee devotes nine pages of his brief to cataloguing the above infractions, appellant has made no attempt to correct them either through a motion to amend his brief or by way of a reply brief.

aspect of the brief is the conclusionary, largely unsupported, and sometimes undecipherable nature of appellant's arguments.

We are thus presented with the alternatives of either searching the record and legal authorities ourselves for those errors which we assume appellant meant to raise, or ascertaining whether plain error was committed below. We choose the latter course. A review of the record on appeal discloses no plain error. We affirm the judgment below.