Lisa RARIS, Appellant,

v.

The GREEK CORNER, Appellee.

No. S–6363.

Supreme Court of Alaska.

Feb. 23, 1996.

Joseph A. Kalamarides, Kalamarides & Associates, Anchorage, for Appellant.

James M. Bendell, Anchorage, for Appellee.

Before MOORE, C.J., and RABINOWITZ, MATTHEWS, COMPTON and EASTAUGH, JJ.

### OPINION

COMPTON, Justice.

## I. INTRODUCTION

This appeal arises from a decision by the Alaska Workers' Compensation Board (Board) that Lisa Raris, a workers' compensation claimant living out of the state, was subject to the eligibility strictures of AS 23.30.041(f). The superior court, sitting as an intermediate appellate court, affirmed the Board. Raris appeals. We affirm.

## II. FACTS AND PROCEEDINGS

Lisa Raris was employed as a waitress by the Greek Corner Restaurant. In December 1990 and January 1991 Raris allegedly incurred two work-related injuries to her feet. She sought medical attention from a physician. In March Raris filed a report of occupational injury or illness. In May she filed a request for an eligibility evaluation for reemployment benefits under AS 23.30.041.

In June 1992, while her claim was still pending, Raris moved to Greece. The eligibility evaluation was filed in November. Later, the rehabilitation specialist assigned to process Raris' claim recommended that Raris be found ineligible for rehabilitative benefits

under AS 23.30.041(f),[1] because Greek Corner had offered Raris modified employment as a telephone solicitor. Raris responded by filing an objection to the evaluation. She claimed that the modified employment offer was not a "legitimate offer." It is her belief that the offer was only made because Greek Corner assumed that she would not return from Greece.[2]

The Reemployment Benefits Administrator (RBA) determined that Raris was ineligible for reemployment benefits because Greek Corner's offer of reemployment, at 75 percent of her previous wage, made her ineligible for these benefits under AS 23.30.041(f)(1). Raris appealed this decision to the Board. The Board found that the RBA's denial of reemployment benefits was not an abuse of discretion. Raris appealed the Board's determination to the superior court, Alaska Appellate Rule 602, which affirmed the Board's decision. This appeal followed.

## III. *DISCUSSION*

The only issue before us is whether Raris should be exempted from the requirements of AS 23.30.041(f) because she no long-er resides within the State of Alaska.[3] The Board found that Raris' relocation did not exempt her from the strictures of AS 23.30.041(f). It held:

> This statute does not require that employment offered by the employer be at the employee's current place of residence. To the contrary, we believe an offer of modified employment would normally arise from the employer's own premises. Further, we disagree with the employee that section 41(f) should not apply to her case.

The Board was correct.

Raris asserts that the legislature did not intend for AS 23.30.041(f)(1) to apply to workers' compensation claimants residing outside of Alaska. She argues that it is consistent with the workers' compensation statute taken as a whole to interpret the eligibility strictures of AS 23.30.041(f) to be inapplicable to those claimants who move out of the state.[4] She reasons that the application of AS 23.30.041(f) to out-of-state residents would limit rehabilitation benefits to those residing within the state, and that the legislature could not have intended this restriction.[5] She contends that the legisla-

---

1. Alaska Statute 23.30.041(f) provides:

   An employee is not eligible for reemployment benefits if (1) the employer offers employment within the employee's predicted post-injury physical capacities at a wage equivalent to at least the state minimum wage under AS 23.10.065 or 75 percent of the worker's gross hourly wages at the time of injury, whichever is greater, and the employment prepares the employee to be employable in other jobs that exist in the labor market.

2. Raris raises cursorily the issue of the legitimacy of Greek Corner's job offer in her reply brief. We consider Raris to have waived any argument based on the legitimacy of the offer. *See Adamson v. University of Alaska*, 819 P.2d 886, 889 n. 3 (Alaska 1991) ("[W]here a point is given only cursory statement in the argument portion of a brief, the point will not be considered on appeal."); *Conam Alaska v. Bell Lavalin, Inc.*, 842 P.2d 148, 158 (Alaska 1992) ("[A] reply brief may not raise contentions not previously raised in either the appellant's or appellee's briefs.").

3. This is a question of statutory interpretation. We review issues of statutory interpretation under the substitution of judgment standard of review. *Yahara v. Construction & Rigging, Inc.*, 851 P.2d 69, 72 (Alaska 1993). Under this standard we "look to 'the language of the statute construed in light of the purpose of its enactment.'" *Id.* (quoting *J & L Diversified Enter. v. Municipality of Anchorage*, 736 P.2d 349, 351 (Alaska 1987)).

4. In her reply brief Raris attempts to frame the issue as a question of whether out-of-state claimants have waived their rights to rehabilitation benefits. In making this argument she emphasizes various sections of the workers' compensation statute which explicitly discuss waiver. *See* AS 23.30.041(c), (n); 23.30.012. Raris misconstrues the issue. The question is not whether Raris waived her right to rehabilitation benefits by leaving the state; the query is whether she is ineligible for rehabilitation benefits because Greek Corner has offered her modified employment which meets the requirements of AS 23.30.041(f).

5. In a footnote Raris also asserts that Greek Corner's position is tantamount to an equal protection and privileges and immunities violation. She cites no facts or case law to support this assertion. Here again, we consider Raris to have waived this argument for failing to develop it. *See Adamson*, 819 P.2d at 889 n. 3; *see also Forquer v. State, Commercial Fisheries Entry Comm'n*, 677 P.2d 1236, 1238 n. 2 (Alaska 1984); *State v. O'Neill Investigations, Inc.*, 609 P.2d 520,

ture's recognition of out-of-state employees and out-of-state employment as part of the reemployment process, or "labor market," indicates its intention to provide for the rehabilitation of out-of-state employees. Raris cites no authority to support her position. She relies completely on her proffered construction of the workers' compensation scheme and the policies behind it.

Conversely, the Greek Corner contends that Raris misinterprets the purpose of the workers' compensation scheme. It argues that an examination of the workers' compensation statutory framework reveals that the legislature was unwilling to impose narrow geographic obligations on employers. It reasons that examples of this intention can be found in the eligibility requirements provided by AS 23.30.041(e)(2) [6] and in the definition of "labor market" found in AS 23.30.041(p)(3).[7] The statute requires the RBA to consider the "labor market," which is defined to include other states, in determining the availability of alternative employment. The Greek Corner argues that because AS 23.30.041 could bar a claimant residing within Alaska from receiving reemployment benefits because a suitable job exists in Florida, it would be inconsistent to hold that a claimant voluntarily living out of state is eligible for benefits when a suitable job exists within Alaska. Like Raris, Greek Corner cites no authority for its interpretation of the statute.

The legislative history of the amendment to the workers' compensation statute which added AS 23.30.041(f) contains no discussion concerning the application of this section to claimants residing out of state. The only legislative history that addresses this subsection at all indicates that the ineligibility criteria of AS 23.30.041(f)(1) were included because the legislature hoped they would "be an incentive for employers to return to work an injured employee, if possible." [8] However, the legislature did express a general intent that rehabilitation benefits were not to be construed as a guarantee of a specific type of employment in a specific location.

AS 23.30.041(e)(2) and the definition of "labor market", AS 23.30.041(p)(3), dictate that a claimant may be refused rehabilitation benefits if a job for which the claimant is qualified and capable of performing despite his or her injury is available in a place other than Alaska. Thus, a claimant may be forced to choose between (1) moving to another place to take a job, and (2) foregoing reemployment benefits.

We agree with the Greek Corner that the legislature must have intended AS 23.30.041(f)(1) to operate in similar fashion. Thus, a claimant who has left Alaska, and to whom an AS 23.30.041(f)(1) job offer has been made, may legitimately be asked to choose between (1) returning to Alaska to take the job, and (2) foregoing reemployment benefits.

This interpretation of AS 23.30.041(f)(1) is consistent not only with the provisions of AS 23.30.041(e)(2), but also with the other provisions of the reemployment benefits statute. Reemployment benefits are not simply an income-replacement vehicle to tide injured

---

528 (Alaska 1980); *L.E. Spitzer Co., Inc. v. Barron*, 581 P.2d 213, 218 (Alaska 1978); *Wernberg v. Matanuska Elec. Ass'n*, 494 P.2d 790, 794 (Alaska 1972); *Martin v. English*, 492 P.2d 105, 105 (Alaska 1971).

6.  Alaska Statute 23.30.041(e) provides in part:
    An employee shall be eligible for benefits under this section upon the employee's written request and by having a physician predict that the employee will have permanent physical capacities that are less than the physical demands of the employee's job ... for
    (1) the employee's job at the time of injury; or
    (2) other jobs that exist in the labor market that the employee has held or received training for within 10 years before the injury or that the employee has held following the injury for a

period long enough to obtain the skills to compete in the labor market, according to specific vocational preparation codes....

7.  Alaska Statute 23.30.041(p) provides in part:
    In this section ... (3) "labor market" means a geographical area that offers employment opportunities in the following priority:
    (A) area of residence;
    (B) area of last employment;
    (C) the state;
    (D) other states....

8.  Sectional Analysis of SB 322 and HB 352 at page 3; Joint House and Senate Labor and Commerce Committee at number 586 (January 19, 1988).

workers over until they can resume employment; these benefits are paid contingent on the employee's participation in the development and execution of a reemployment plan. *See* AS 23.30.041(g)–(n). The statute makes it clear that the legislature intended these plans to include employee contact with the rehabilitation specialist, and an opportunity for the employer to monitor the employee's compliance with the plan. *See* AS 23.30.041(n). Although we do not hold that payment of reemployment benefits to claimants residing out of state is inappropriate, we believe that these provisions indicate a preference for residence in Alaska while the employee is participating in the plan.

If we were to hold that claimants residing out of state could collect reemployment benefits despite an employer's offer of employment in Alaska, some claimants may seek to avoid the application of that provision by leaving the state. Such opportunism would increase the cost to employers of the workers' compensation scheme, an outcome contrary to the legislature's stated desire to control costs and workers' compensation premiums. *See Williams v. State, Dept. of Revenue*, 895 P.2d 99, 104 (Alaska 1995) ("[T]he Act's purpose is 'to ensure the quick, efficient, fair, and predictable delivery of indemnity and medical benefits to injured workers at a *reasonable cost* to the employers who are subject to the provisions of AS 23.30.'" (quoting Ch. 79, § 1, SLA 1988) (emphasis added)); *Chiropractors for Justice v. State*, 895 P.2d 962, 966, 970 (Alaska 1995) (noting the State's legitimate interest in "saving jobs by reducing workers' compensation premiums" and "the overall legislative policy of providing medical benefits to injured workers at a reasonable cost to employers."). *See also* AS 23.30.175 (allowing downward adjustment in workers' compensation benefits paid to claimants living in states which have a lower cost of living as compared to Alaska).

The issue in this case is whether a claimant must return to Alaska from out of state to take a job offered pursuant to AS 23.30.041(f)(1), or forego reemployment benefits. The policy considerations which underlie a limitation on reemployment benefits payments to out-of-state residents include fa-

cilitating employer monitoring of compliance with the reemployment plan and avoiding opportunistic departures by claimants. These considerations apply with equal force whether the claimant resides in another state or is a resident of a foreign country.

## IV. CONCLUSION

Alaska Statute 23.30.041(f) governs the eligibility for reemployment benefits of workers' compensation claimants who move outside of the State of Alaska. The superior court and the Board are AFFIRMED.