No. 104,642

STATE OF KANSAS, *Appellee*, v. OSCAR F. TORRES, *Appellant.*

(268 P.3d 1197)

Opinion filed January 27, 2012.

*Charles A. O'Hara*, of O'Hara & O'Hara LLC, of Wichita, was on the brief for appellant.

*Julie A. Koon*, assistant district attorney, *Nola Tedesco Foulston*, district attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

MORITZ, J.: In 2007, Oscar Torres pleaded guilty to felony murder, criminal discharge of a firearm at an occupied building, and aggravated assault. After this court remanded the case for resentencing on a separate issue but before resentencing, Torres sought to withdraw his plea. Torres argued the State violated the plea agreement at his original, since-vacated sentencing by reading a letter from the victim's mother asking the court to impose the maximum prison time. Because Torres ultimately received a new sentencing hearing at which the victim's mother personally testified and the court imposed the sentence recommended by the plea agreement, we conclude Torres' argument on appeal is moot.

In the plea agreement, the State agreed to recommend specific sentences on each count and that the sentences on the firearm and assault convictions run consecutive to the felony-murder conviction but concurrent with each other. At Torres' initial sentencing, the prosecutor asked the court to follow the plea agreement. However, without objection from Torres, the prosecutor read into the record two letters from the victim's mother, the first requesting the court impose the maximum imprisonment. After reading the letters, the prosecutor again asked the court to follow the recommendation in the plea agreement. Ultimately, the district court imposed a sen-

tence which generally conformed to the plea agreement except that the court ordered that all counts run consecutively.

Torres appealed, arguing his sentence was illegal because the district court erroneously utilized the off-grid offense as the primary offense. *State v. Torres*, No. 99,308, 2009 WL 862166 (Kan. 2009) (unpublished opinion). We agreed, vacated the sentence, and remanded with directions to correct the illegal sentence. *Torres*, 2009 WL 862166, at *3-4.

On remand, the district court elected to conduct a full sentencing hearing. But before the sentencing hearing, Torres moved to withdraw his plea arguing the State violated the plea agreement at the initial sentencing hearing when it read the victim's mother's letter into the record. The district court denied the motion, finding the State did not breach the plea agreement.

At the resentencing hearing, the State again requested that the court follow the plea agreement. However, the prosecutor did not read the victim's mother's letter into the record at this hearing. Instead, the victim's mother personally addressed the court and asked the court to "give [Torres] what he deserves." The court then imposed a sentence consistent with the plea agreement, including concurrent sentences on the firearm and assault convictions.

In this appeal, Torres only argues the district court erred in finding he did not establish good cause to withdraw his plea. Torres contends that at the original sentencing, the State violated the specific sentencing recommendations in the plea agreement when the prosecutor read the victim's mother's letter into the record. Torres essentially reasons that because the victim's mother asked the court to impose the maximum sentence, the State necessarily violated the plea agreement when it read the letter from the victim's mother.

"A plea of guilty or *nolo contendere*, for good cause shown and within the discretion of the court, may be withdrawn at any time before sentence is adjudged." K.S.A. 2010 Supp. 22-3210(d)(1). "To correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw the plea." K.S.A. 2010 Supp. 22-3210(d)(2). On appeal, the defendant must establish that the trial court abused its discretion

in denying the motion to withdraw plea. *State v. Plotner*, 290 Kan. 774, 777, 235 P.3d 417 (2010); *State v. Woodward*, 288 Kan. 297, 299, 202 P.3d 15 (2009); see *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011) (stating abuse of discretion standard of review).

Torres' argument is flawed in that it relies upon actions taken by the State at the original sentencing hearing, and yet the sentence imposed at that hearing was vacated by this court. Torres does not argue that the State breached the plea agreement at the second sentencing hearing, where both parties essentially had the opportunity for a "do-over." Moreover, at Torres' second sentencing hearing, he ultimately received the sentence he bargained for. We affirm his sentence.

Therefore, Torres' claims regarding the State's alleged violation of the plea agreement at the initial sentencing hearing are moot, see *State v. McKnight*, 292 Kan. 776, 778-79, 257 P.3d 339 (2011) (appellate court does not decide moot questions or render advisory opinions), and we need not consider whether the district court abused its discretion in denying Torres' motion to withdraw his plea.

Affirmed.