NOT DESIGNATED FOR PUBLICATION

No. 113,845

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ROGER REED,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JOHN KISNER, JR., judge. Opinion filed May 13, 2016.
Appeal dismissed.

*Meryl Carver-Allmond*, of Capital Appellate Defender office, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*,
attorney general, for appellee.

Before MCANANY, P.J., PIERRON and SCHROEDER, JJ.

*Per Curiam:* Roger Reed pled guilty to felony theft for having stolen a pickup
truck. He now appeals his sentence, relying on our Supreme Court's holding in *State v.
Dickey*, 301 Kan. 1018, 350 P.3d 1054 (2015). Before ruling on the merits of Reed's
claim, we must consider whether the issue is now moot based on the following
chronology of facts.

On June 2, 2014, Reed entered his guilty plea. Reed's presentence investigation
report (PSI) listed 67 prior convictions, including 3 pre-1993 burglary convictions. With

1

this extensive criminal history, Reed had a criminal history score of A. This score was calculated by classifying three of his pre-1993 convictions as person felonies.

On December 4, 2014, the court held the sentencing hearing. There was no dispute that Reed's criminal history score was A. The district court sentenced Reed to a controlling term of 15 months in prison with a postrelease supervision term of 12 months.

On December 12, 2014, Reed filed his notice of appeal.

On December 19, 2014, Reed decided to pursue relief by means of a motion to correct an illegal sentence based on the holding in *State v. Dickey*, 50 Kan. App. 2d 468, 329 P.3d 1230 (2014), *aff'd* 301 Kan. 1018, 350 P.3d 1054 (2015). In his motion he challenged the classification of his three pre-1993 burglary convictions as person felonies. On January 12, 2015, he filed an amendment to his motion; and on February 13, 2015, Reed's new counsel filed a separate motion to correct illegal sentence.

At the hearing that followed, the district court denied relief because: (1) the ruling in *Dickey* was not final; (2) Reed agreed to his criminal history score at sentencing; (3) Reed's challenge was not made in his direct appeal; and (4) the convictions were not otherwise subject to being reclassified.

Reed brought the present appeal.

On May 22, 2015, Reed finished serving the imprisonment portion of his sentence and was released to serve his postrelease supervision period. This was confirmed by the State's notice to that effect pursuant to Supreme Court Rule 2.042 (2015 Kan. Ct. R. Annot. 18). The State also notified us that Reed had absconded from postrelease supervision and as of January 13, 2016, was still on the loose. Reed has not challenged the assertions in the State's notice.

2

Before considering the merits of Reed's claim, we must determine whether the issue is moot. Because Reed has completed the prison portion of his sentence, the State moved for us to dismiss this appeal on the grounds of mootness. A panel of this court initially retained the appeal, noting that Reed is still serving (or is supposed to be serving) a term of postrelease supervision. The matter is again before us.

We have unlimited review of the State's claim that the appeal is moot. See *State v. Hilton*, 295 Kan. 845, 849, 286 P.3d 871 (2012).

> "'[A]n appeal will not be dismissed as moot unless it clearly and convincingly appears the actual controversy has ceased and the only judgment which could be entered would be ineffectual for any purpose and an idle act insofar as rights involved in the action are concerned.' *In re M.R.*, 272 Kan. 1335, Syl. ¶ 2, 38 P.3d 694 (2002)." *State v. Montgomery*, 295 Kan. 837, 840, 286 P.3d 866 (2012).

Kansas appellate courts generally do not decide moot questions or render advisory opinions. *State v. Torres*, 293 Kan. 790, 792, 268 P.3d 1197 (2012). A justiciable controversy has definite and concrete issues and "adverse legal interests that are immediate, real, and amenable to conclusive relief." *State ex rel. Morrison v. Sebelius*, 285 Kan. 875, 890-91, 179 P.3d 366 (2008). This is a court policy which recognizes that the role of the court is to "'determine real controversies relative to the legal rights of persons and properties which are actually involved in the particular case properly brought before it and to adjudicate those rights in such manner that the determination will be operative, final, and conclusive.'" *State v. Bennett*, 288 Kan. 86, 89, 200 P.3d 455 (2009) (quoting *Board of Johnson County Comm'rs v. Duffy*, 259 Kan. 500, 504, 912 P.2d 716 [1996]).

The sentencing court imposed a 15-month prison sentence. The length of Reed's prison sentence was a function of his criminal history score. Reed has completed that

3

portion of his sentence, which now renders his complaint about his criminal history score moot.

The prison portion of Reed's sentence is separate and distinct from the postrelease portion of his sentence. In *State v. Gaudina*, 284 Kan. 354, 358-59, 160 P.3d 854 (2007), the defendant's sentence was reduced after a successful appeal. Although he had not been released from the confinement portion of his sentence, he contended that the excess sentence should be credited towards the postrelease period of his sentence. The Supreme Court rejected this contention, finding that postrelease supervision does not begin until after the confinement portion of the sentence has been served.

In *State v. Brown*, No. 112,825, 2015 WL 9286987 (Kan. App. 2015) (unpublished decision), *petition for rev. filed* January 14, 2016, a panel of this court dismissed as moot a defendant's challenge to his criminal history score under *Dickey*. While Brown would be entitled to relief under *Dickey* because his pre-1993 burglary convictions were improperly classified as person felonies, remanding Brown's case for resentencing with a corrected criminal history score would change nothing; "he would still be on postrelease supervision and the remaining term of the postrelease supervision would be the same." *Brown*, 2015 WL 9286987, at *4. See *State v. Dunn*, No. 111,283, 2015 WL 2414362 (Kan. App. 2015) (unpublished opinion), *rev. denied* 303 Kan. ___ (February 9, 2016).

In *State v. Upham*, No. 97,961, 2008 WL 1847703 at *2 (Kan. App. 2008) (unpublished opinion), the Court of Appeals dismissed an appeal for mootness because the defendant had completed the prison portion of his sentence and the only issue was whether the sentencing court had considered placement in Labette Correctional Conservation Camp before sending him to prison.

Similarly, in *State v. Johnson*, 39 Kan. App. 2d 438, 442, 180 P.3d 1084, *rev. denied* 286 Kan. 1183 (2008), the appeal was moot because (1) the defendant had served the prison portion of his sentence, (2) the defendant could not receive credit for time served against his postrelease supervision under *Gaudina*, and (3) there was no statutory authority to reduce the amount of a postrelease supervisory term after sentencing. See *Spencer v. Kemna*, 523 U.S. 1, 7-8, 118 S. Ct. 978, 140 L. Ed. 2d 43 (1998).

Reed argues that the case is not moot because there is a danger that if Reed is convicted of a subsequent crime, the sentencing court may take judicial notice of the journal entry in this case, which lists an incorrect history score. He relies on the holding in *State v. Lamunyon*, 21 Kan. App. 2d 281, 286, 898 P.2d 1182 (1995), *aff'd* 259 Kan. 54, 911 P.2d 511 (1996), which is contrary to the more recent decisions in *Brown* and *Dunn* discussed above.

Merely taking judicial notice of a prior criminal history finding is not sufficient to establish a challenged criminal history. See K.S.A. 2015 Supp. 21-6814 (previously K.S.A. 21-4715). Kansas law

> "clearly provides a defendant the right to file a written objection to his or her criminal history worksheet and requires the State to carry the burden of producing further evidence to prove the convictions contained in the worksheet. . . .
>
>     . . . .
>
> "Therefore, we find, as a matter of statutory interpretation, that a defendant may file a written objection to his or her criminal history worksheet, including those convictions which may have been contained in a previous criminal history worksheet, and that such an objection places the burden on the State to produce further evidence establishing the existence of the challenged conviction(s) by a preponderance of the evidence." *State v. Schow*, 287 Kan. 529, 539-40, 197 P.3d 825 (2008).

We are not persuaded by Reed's argument based on *Lamunyon*.

5

Reed also contends this appeal is not moot because a decision on appeal is necessary to determine whether Reed may sue his trial attorney for legal malpractice. See *Garcia v. Ball*, 303 Kan. 560, 363 P.3d 399 (2015). In *Ball*, our Supreme Court held that the exoneration rule requires that a claim that the lawyer's malpractice caused the defendant to serve an illegal sentence requires the defendant to obtain postconviction relief from the illegal sentence.

But, as the State argues, we should not render advisory opinions on the chance that a defendant may pursue a malpractice claim in the future. As noted earlier, a justiciable controversy has the characteristic of being, among other things, *immediate*. *State ex rel. Morrison v. Sebelius*, 285 Kan. at 890-91. Whether Reed may at some future date pursue a malpractice claim does not satisfy the element of immediacy. Here, a reclassification of Reed's criminal history score no longer has any legal effect on his status in this case. Reed is currently serving his postrelease supervision, the length of which is determined by statute and not by his criminal history score. See K.S.A. 2015 Supp. 22-3717(d)(1). A ruling in Reed's favor in this case would change nothing.

Appeal dismissed as moot.