NOT DESIGNATED FOR PUBLICATION

No. 114,923

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

IN THE MATTER OF THE CARE AND TREATMENT OF
MICHAEL D. MELLON, JR.

MEMORANDUM OPINION

Appeal from Riley District Court; DAVID L. STUTZMAN, judge. Opinion filed September 30, 2016. Appeal dismissed.

*P. Bernard Irvine*, of Morrison, Frost, Olsen, Irvine & Schartz, LLP, of Manhattan, for appellant.

*Bryan C. Clark*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, P.J., MCANANY and GARDNER, JJ.

*Per Curiam*:  Michael D. Mellon, Jr., an involuntary participant in the Sexual Predator Treatment Program, appeals the district court's denial of his pro se motion pertaining to his annual review. Mellon seeks release from the program as a remedy for the district court's failure to hold a hearing and order his commitment following his 2014 review. But because Mellon received an evidentiary hearing and an order of commitment following his 2015 review, we dismiss his appeal as moot.

*Procedural background*

Mellon is an involuntary participant in the Sexual Predator Treatment Program (SPTP) housed at Larned State Hospital. For Mellon, as for each involuntary participant in the SPTP, the Kansas Department for Aging and Disability Services (KDADS) is

1

required to file an annual report on the status of the committed person's mental condition. See K.S.A. 2015 Supp. 59-29a08(a). KDADS has done so since Mellon's commitment in 2003.

Mellon's 2014 annual report reviewed his progress from June 2013 to May 2014 and concluded it was unsafe to place Mellon in transitional release at that time. Following the report, the Secretary of KDADS provided Mellon with the option to acknowledge receipt of the annual notice or to acknowledge receipt and waive his rights to further proceedings under the annual review process. Mellon did not waive his rights but signed the acknowledgment on June 3, 2014, which provided:

> "I hereby acknowledge receipt of the Secretary's Notice. If I desire to pursue further proceedings in this matter, I understand I must initiate those separately from this Response. I either have my own attorney or I understand I may request that the Court appoint an attorney to advise me further."

The record does not reflect that the district court made a probable cause determination on the 2014 annual report or ordered Mellon's continuing commitment. Essentially, it appears that neither the district court nor Mellon, who was represented by counsel at the time, did anything further for nearly 11 months.

On April 30, 2015, Mellon filed a pro se motion for immediate release or, in the alternative, a proper annual review. Mellon claimed that the district court had received his 2014 annual report but had not held a hearing, appointed counsel, determined whether an independent examiner was necessary, or ordered Mellon recommitted. Just 2 weeks later, on May 12, 2015, the 2015 Annual Examination of Resident's Mental Condition was completed. It was faxed with the Secretary's recommendation that Mellon was not be released to the district court on June 8, 2015. So by the time the State filed a response to the motion referencing his 2014 report—on May 13, 2015—his 2015 Annual Report had been completed. That report reviewed Mellon's progress from May 2014 to May 2015,

and informed Mellon of his right to petition for release over the Secretary's objection. On June 8, 2015, Mellon signed the acknowledgment of his right to petition for release from treatment.

Following a brief hearing on October 5, 2015, regarding the motion related to Mellon's 2014 Annual Review, the district court denied the motion. Its order, filed November 15, 2015, found Mellon had not met his burden to establish probable cause as required by K.S.A. 2015 Supp. 59-29a08. The district court stated two reasons in support of that conclusion. First, Mellon's motion was untimely filed because he waited "approximately 9 months after the annual review was issued," and by the date that motion could be heard, the 2015 annual review had already been completed. Second, Mellon had been put on notice by signing the acknowledgment that no further proceedings on his confinement in the SPTP would occur unless Mellon initiated them. The district court held it was not the court's "burden to initiate the annual review hearing." The court denied Mellon's requests associated with the 2014 review and stated "the parties are to move forward with the claims made by Respondent and/or his counsel concerning the 2015 annual review's conclusions. Those matters will be calendared for argument at a later date."

Although our statute does not require an evidentiary hearing to determine whether probable cause exists to transitionally release a patient, in this case the district court nonetheless provided one. See K.S.A. 2015 Supp. 59-29a08(a); *In re Care & Treatment of Burch*, 296 Kan. 215, 221, 291 P.3d 78 (2012). In such a hearing, the committed person carries the burden to establish probable cause to justify transitional release; that is, the person "must present facts . . . that are sufficient to cause a person of ordinary prudence and action to conscientiously entertain a reasonable belief that the person's mental abnormality or personality disorder has so changed that he or she is safe to be placed in transitional release." *Burch*, 296 Kan. 215, Syl. ¶ 7.

At the evidentiary hearing, held on February 8, 2016, Mellon was represented by appointed counsel as required by K.S.A. 2015 Supp. 59-29a08(a). Four persons testified: Mellon's therapist at the time of his 2015 report; Mellon's therapist at the time of the hearing, and two others.

After reviewing Mellon's 2015 report and hearing the testimony, the district court held that Mellon failed to meet his burden to show that probable cause existed to believe his mental abnormality or personality disorder had so changed that he was safe to be placed in transitional release:

> "[Mellon] has failed to show that probable cause exists to believe that [his] mental abnormality or personality disorder has so changed that he is safe to be placed in transitional release. The Court opines that in 2012 he did think there was a basis for probable cause, however based on the testimony and report today it seems that this is a situation where it is not possible to simply march in place. The Respondent is in exactly the same place as 2012 due to a lack of active participation in the program and is reportedly not participating because he is frustrated. The Court discussed the static nature of the situation and stated Respondent is not going forward and it can be inferred he is going backwards. The Court in addressing its 2012 decision stated because the Respondent is not engaged, he could go ten years and try to rely on the 2012 decision, which is not proper. The Court states the Respondent has to engage and there has to be engagement with him. There is no probable cause to just assume Respondent has remained where he was in 2012."

Accordingly, the district court ordered Mellon's commitment to continue. We note that even if the court had found probable cause, Mellon would not necessarily have been discharged or transitionally released. Instead, he would have been provided an evidentiary hearing under K.S.A. 2015 Supp. 59-29a08(c)(3), at which the State would have had the burden to prove beyond a reasonable doubt that Mellon's mental abnormality or personality disorder remained such that he was not safe to be placed in

4

transitional release and if transitionally released was likely to engage in acts of sexual violence. See *Burch*, 296 Kan. at 222.

Mellon timely appeals, challenging the district court's proceedings related solely to his 2014 annual review.

*Jurisdiction*

Before we reach Mellon's claims of error, we address a preliminary issue. The State contends that we lack jurisdiction to hear this case because the order Mellon appeals was not a final, appealable order. The State argues that the challenged order not only denied Mellon's pro se motion regarding his 2014 annual review, but also ordered the parties to move forward on Mellon's 2015 annual review—thus contemplating further action and precluding finality.

The right to appeal is purely statutory and if the record shows that the appellate court does not have jurisdiction, the appeal must be dismissed. Whether jurisdiction exists is a question of law over which this court's review is unlimited. *Kansas Medical Mut. Ins. Co. v. Svaty*, 291 Kan. 597, 609, 244 P.3d 642 (2010). An appeal may be taken to the Court of Appeals, as a matter of right, from any "final decision." K.S.A. 2015 Supp. 60-2102(a)(4). "The term 'final decision' is self-defining and refers to an order that definitely terminates a right or liability involved in an action or that grants or refuses a remedy as a terminal act in the case. *In re T.S.W.*, 294 Kan. at 433." *Kaelter v. Sokol*, 301 Kan. 247, 250, 340 P.3d 1210 (2015). Under Kansas law, a judgment is final and appealable only if it finally decides and disposes of the entire merits of the controversy and leaves no further questions or possibilities for future directions or actions by the lower court. *Kaelter*, 301 Kan. at 249-250.

We find the order appealed from to be final. Although that order denied Mellon's motion regarding the 2014 annual review and directed the parties to move forward on the claims concerning the 2015 annual review, that order did not bind the district court to do anything further or in the future. The court's order would have been just as effective had it omitted the language regarding the 2015 annual review. Its language contemplated further action by the parties, but not by the court, demonstrating the court's action with regard to the 2014 annual review was completed, and urging the parties to move on to any issues regarding the 2015 review. The district court's order denying Mellon's motion thus "definitely terminate[d] a right or liability involved in the action." See *Flores Rentals v. Flores*, 283 Kan. 476, 482, 153 P.3d 523 (2007).

Under these circumstances, Mellon had to take a timely appeal to preserve his interest. Mellon did so, limiting his appeal to his 2014 annual review and making no claims regarding the 2015 review. We thus find this to be a final decision, vesting us with jurisdiction to consider this appeal.

*Mootness*

Mellon argues the district court erred by failing to hold a hearing and failing to issue any order continuing his commitment following his 2014 annual review, in violation of K.S.A. 2015 Supp. 59-29a08 and unspecified "constitutional rights." Mellon argues the procedural rights he seeks to enforce are analogous to the speedy trial requirements set forth in the United States Constitution and the Kansas statutes, thus he seeks the remedy for speedy trial violations—immediate release.

The State contends that Mellon's appeal is moot because the motion prompting this appeal was "for immediate release or, in the alternative, a proper annual review," and Mellon received a proper annual review and an order of continued commitment after his 2015 annual report, which found Mellon had failed to show probable cause that his

6

mental abnormality or personality disorder had so changed that he was safe to be placed in transitional release. We agree.

Because mootness is a doctrine of court policy, which was developed through court precedent, appellate review of this issue is unlimited. *State v. Hilton*, 295 Kan. 845, 849, 286 P.3d 871 (2012). As a general rule, an appellate court does not decide moot questions or render advisory opinions. *State v. Montgomery*, 295 Kan. 837, 840, 286 P.3d 866 (2012). "An appeal will not be dismissed for mootness, unless it is clearly and convincingly shown the actual controversy has ended, the only judgment that could be entered would be ineffectual for any purpose, and it would not impact any of the parties' rights." *McAlister v. City of Fairway*, 289 Kan. 391, 400, 212 P.3d 184 (2009).

Mellon's motion was, in part, "for immediate release." To the extent that relief may remain at issue, Mellon fails to brief how not receiving the hearing and order of continued commitment contemplated by the civil commitment statute is comparable to not receiving the speedy trial guaranteed by our statutes or Constitution, warranting immediate release. "[A]n issue not briefed is deemed waived or abandoned." *Cooke v. Gillespie*, 285 Kan. 748, 758, 176 P.3d 144 (2008). Further, Mellon fails to show this court that it would have any authority to release him from civil commitment without his having completed the SPTP and complying with the statutory requirements for release. Thus his desired remedy of immediate release is merely speculative and is not concrete enough to save this appeal from mootness.

Mellon's motion alternatively sought a proper annual review. He has received one. Because the district court conducted a proper annual review following the 2015 report, and that hearing addressed Mellon's condition from 2012 to 2015, any remand for a new hearing regarding the 2014 report would serve no purpose.

7

There is nothing more this court can do. Mellon's complaints—that the district court ordered his commitment to continue in 2014 without holding a hearing, appointing counsel (although Mellon was represented by counsel), or determining whether an independent examiner was necessary, are procedural. If we were to agree that the district court failed to comply with the applicable statutes, the only relief we could provide to Mellon is to remand the case to the district court with instructions to comply with the applicable statutes. The issue presented by Mellon is now moot because he already received the only remedy (a second review hearing) a court is authorized to provide.

The actual controversy generated by this appeal no longer exists; thus, any judgment entered by the court would have no effect on the parties and would be an idle act insofar as the rights involved in this action are concerned. See *Shanks v. Nelson*, 258 Kan. 688, 693, 907 P.2d 882 (1995); accord *State v. Torres*, 293 Kan. 790, 792, 268 P.3d 1197 (2012) (finding defendant's claim of error in his original sentencing hearing was rendered moot by vacation of sentence imposed at such hearing and conduct of second sentencing hearing).

We are not unsympathetic to Mellon's argument that the district court cannot ignore the statutory requirements for years on end, then try to cure that error by holding one hearing which covers the intervening years. Our cases recognize that the constitutionality of the Act depends on its procedural protections. See, *e.g.*, *In re Care & Treatment of Twilleger*, 46 Kan. App. 2d 302, 315, 263 P.3d 199 (2011) (Greene, C.J., concurring); *Merryfield v. State*, 44 Kan. App. 2d 817, 818, 825, 241 P.3d 573 (2010); see also *Kansas v. Hendricks*, 521 U.S. 346, 372, 117 S. Ct. 2072, 138 L. Ed. 2d 501 (1997) (Kennedy, J., concurring) (emphasizing the law's "protections, including yearly review and review at any time at the instance of the person confined"). But that scenario is not present in this case which indicates, at most, the district court's mere oversight which Mellon could have challenged earlier, rather than the district court's repeated or intentional disregard for our statutes.

Mellon fails to specify which constitutional right he believes may have been violated here. For purposes of our mootness discussion, we presume it is the right to procedural due process. But even assuming a violation of that right, the remedy is not release, but remand for the district court to hold an annual review hearing. See *In re Care & Treatment of Zishka*, 51 Kan. App. 2d 242, 246, 343 P.3d 558 (2015).

No remand is necessary or would be helpful here. Unlike a substantive due process claim, a constitutional violation of procedural due process is not complete unless and until the State fails to provide due process. *Zinermon v. Burch*, 494 U.S. 113, 126, 110 S. Ct. 975, 108 L. Ed. 2d 100 (1990). When the State does provide a hearing at some point in the course of administrative or judicial proceedings, the failure to hold a hearing at an earlier point in the proceedings generally becomes moot or is considered cured. *McKinney v. Pate*, 20 F.3d 1550, 1557 (11th Cir. 1994), *cert. denied* 513 U.S. 1110 (1995). See *Gregory v. Sexual Offender Registration Review Bd.*, 298 Ga. 675, 690, 784 S. E. 2d 392 (2016). *State v. Murray*, 302 Kan. 478, 490, 353 P.3d 1158 (2015) (finding a retrospective competency hearing could rectify the district court's alleged failure to hold a competency hearing or an adequate competency hearing in the defendant's underlying case); *Cf. Kempke v. Kansas Dept. of Revenue*, 281 Kan. 770, 799, 133 P.3d 104 (2006) ("[A] de novo hearing before the district court . . . cures any procedural due process defects at the administrative hearing level."); *Ryan v. Sullivan*, No. 112,293, 2015 WL 5036932, at *2 (Kan. App. 2015) (unpublished opinion) (finding claim by person committed to SPTP that he had not been afforded the entire administrative appeals process was sufficiently remedied by subsequent de novo hearing on the merits of his substantive and procedural due process claims), *rev. denied* 303 Kan. 1079 (2015).

As the Kansas Supreme Court has found in an analogous case, an error in failing to hold a hearing, even if not subject to harmless error review, may nonetheless be cured retrospectively by holding a subsequent hearing:

"Although the first district court judge failed to suspend the proceedings until the court-ordered competency report was received and until a competency determination was made, under certain circumstances the State may rectify the error by a retrospective competency hearing. As the court stated in *Ary*, 118 Cal. App. 4th at 1028:

> "'While it is certainly the case that the trial court's error in failing to hold a competency hearing when one is warranted is not subject to harmless error review, this does not mean that the procedural due process violation can never be cured retrospectively, under appropriate circumstances, as the United States Supreme Court has suggested.'" *State v. Davis*, 281 Kan. 169, 180-181, 130 P.3d 69 (2006), *overruled on other grounds by State v. Ford*, 302 Kan. 455, 353 P.3d 1143 (2015).

Thus even if we assume, without finding, an error by the district court in not complying with the requirements of K.S.A. 2015 Supp. 59-29a08, that error has been cured.

Because we find Mellon's claim moot, we cannot address any other issues raised on appeal.

Appeal dismissed.