NOT DESIGNATED FOR PUBLICATION

No. 123,511

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JEREMY R. KRINER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Douglas District Court; SALLY D. POKORNY, judge. Opinion filed July 29, 2022.
Affirmed.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, for appellant.

*Brian Deiter*, assistant district attorney, *Suzanne Valdez*, district attorney, and *Derek Schmidt*,
attorney general, for appellee.

Before GREEN, P.J., SCHROEDER and CLINE, JJ.

PER CURIAM: Jeremy R. Kriner appeals the trial court's denial of his
presentencing motion to withdraw his no-contest plea to attempted robbery. He argues
that the trial court wrongly denied his motion because he established that the State
anticipatorily breached its plea agreement with him. Because Kriner's argument is moot
and otherwise unpersuasive, we affirm the trial court's denial of Kriner's presentencing
motion to withdraw his plea.

1

FACTS

On August 8, 2019, law enforcement arrested Kriner after he publicly argued with his girlfriend, taking money from her, and scratching her in the process. The State charged Kriner with robbery and domestic battery. The trial court granted an own recognizance bond to Kriner with the condition that he does not contact his girlfriend.

On August 14, 2019, the trial court revoked Kriner's bond at a status hearing when Kriner sat next to his girlfriend. At the following preliminary hearing, though, the trial court released Kriner on bond. All the same, at a bond hearing in September 2019, a police officer reported that he witnessed Kriner walking with his girlfriend. Relying on this officer's testimony, the trial court revoked Kriner's bond.

The State and Kriner eventually entered into a plea agreement. Under the agreement, the State agreed to drop its domestic battery charge against Kriner while amending its robbery charge to attempted robbery in exchange for Kriner's no-contest plea. Also, under the agreement, the State agreed to support Kriner's dispositional departure pending Kriner's motion setting out the substantial and compelling reasons for granting it. The agreement did not explicitly say whether the State could take a different stance on the dispositional departure motion if Kriner violated the terms of his bond.

On December 12, 2019, Kriner pleaded no contest to attempted robbery. After Kriner entered his plea, he requested bond. Kriner's attorney mentioned how Kriner's performance would affect his dispositional departure motion, saying, "And if he were released, anything that he does that would be a violation of his pretrial release or if he picked up a new offense, that would probably give him close to a 0 percent chance to be successful to getting probation in this matter." The State questioned releasing Kriner before sentencing given his previous bond violations. Nevertheless, the trial court granted bond to Kriner.

On January 22, 2020, the trial court intended to sentence Kriner. Kriner made statements, however, when going over his presentence investigation report that made the person going over the report with him concerned that he wanted to withdraw his plea. Discussing this meeting, Kriner told the trial court the following:

> "I wanted to talk to an attorney, private counsel, but that is just on—I just, in general, spoke to him because I wanted to talk to him, *but I had no intention of withdrawing it.* It was just a conversation with her and I didn't understand why she would play a part in anything going on in this courtroom today except that is the way I felt. I didn't know that it would be considered in a formal situation where you have to consider it or we are going to trial or not. But I would like to go to trial, but I am not going to do that because he advised me—that is what I am saying." (Emphasis added.)

The trial court granted a recess for Kriner to discuss the matter with his attorney. Following the recess, Kriner's attorney explained that he was still worried about Kriner's statement. Also, he revealed that Kriner had not completed the evaluation materials that he needed to write Kriner's dispositional departure motion. But no further issues about Kriner withdrawing his plea were raised then. And ultimately, the trial court granted a continuance for Kriner to complete the needed evaluations.

On February 26, 2020, at Kriner's next scheduled sentencing hearing, the trial court granted another continuance to Kriner. At the hearing, Kriner's attorney moved to withdraw as counsel because of communication issues between Kriner and himself. The attorney stated:

> "I've not been able to meet with Mr. Kriner. I've not been able to reach him by phone or by mail. And given the arguments I was going to have to make at sentencing, given the departure motion that was going to need to be filed, and given that I don't have the materials that I need to file that motion, I don't believe that I can effectively represent Mr. Kriner at sentencing, given that we haven't been able to communicate in the interim."

Kriner, however, contested these statements:

> "He has my mother's phone number. I never leave the house. I—I have mental illness. It's hard for me to . . . associate in any type of way. I was never told—I'm there with her all day. She has never told me I have to see him.
> "I was told I was supposed to get these appointments done. All my appointments have been done. I don't know why he doesn't have the information."

The trial court, ultimately, granted the attorney's motion to withdraw and appointed new counsel to represent Kriner.

At the end of the hearing, although Kriner alleged that he had not removed his GPS monitoring bracelet, the trial court revoked Kriner's bond because Kriner's monitoring bracelet had been removed. In doing so, the trial court rejected Kriner's assertion that his GPS monitoring bracelet fell off when he tripped on rough terrain.

On July 9, 2020, Kriner moved to withdraw his no-contest plea. He explained that "current counsel received word from the State noting that the State was no longer bound by plea negotiations and would be asking for a prison sentence." He then argued that there was good cause for the withdrawal because he did not know that under his plea agreement, the State could oppose his forthcoming dispositional departure motion based on his most recent bond violation.

At the motion to withdraw plea hearing, both Kriner and his original attorney testified. Kriner's testimony addressed his understanding of the plea agreement and negotiations. Kriner testified that he needed the State to agree to recommend probation before he would accept any plea deal. Kriner stated that neither the State nor his attorney told him that there were conditions that would allow the State to avoid recommending probation under the agreement.

Kriner's attorney testified to his discussions with Kriner and the terms of the agreement. He explained that he and Kriner worked closely together during plea negotiations. He testified that Kriner understood what was going on and seemed to be in satisfactory mental health. He also stated that no language about bond issues was included in the agreement or the plea advisory. Kriner's attorney testified that he believed that the State would follow the agreement if Kriner violated his bond. And he explained that if that were a term to the agreement, he would have discussed it with Kriner. Kriner's attorney also said that when he discussed the likelihood of probation being zero if Kriner violated his bond at the plea hearing, he was referring to the ability of the trial court to impose a prison sentence despite the existence of agreement.

The State opposed the motion. It argued that Kriner met none of the three factors outlined by our Supreme Court in *State v. Edgar*, 281 Kan. 30, 36, 127 P.3d 986 (2006), for establishing good cause to withdraw a plea presentencing for the following reasons: (1) because Kriner was represented by competent counsel; (2) because Kriner was not coerced, mistreated, or unfairly taken advantage of; and (3) because Kriner's plea was fairly and understandingly made. The State never argued that it would oppose Kriner's forthcoming dispositional departure. Even so, it also contended that "[t]he defense is not claiming that the fact that the State could withdraw from the plea was not part of the plea agreement, just that he did not know about it." In response, Kriner summarized his argument as follows:

> "Mr. Kriner asserts good cause in that when he accepted the State's plea offer, he did not understand that there were any conditions that would allow the State to not support their side of the plea agreement. Stated another way, Mr. Kriner was not aware the State could violate their side of the plea negotiations when it came to sentencing, and since he was not informed that the State could violate the plea agreement, he has good cause to withdraw it."

5

In the end, the trial court denied Kriner's motion to withdraw his plea. The trial court pointed out that Kriner's attorney had told Kriner that if he violated the terms of his bond, he would likely not get probation. The trial court stressed that it did not believe Kriner's contention that he somehow misunderstood his plea agreement's terms, finding that Kriner's lengthy experience with the courts gave Kriner notice that bond violations could result in the State reconsidering. Also, it pointed to Kriner's earlier assertion that his GPS monitoring bracelet simply fell off as evidence of Kriner's duplicity. Then, the trial court summarized its judgment by applying the *Edgar* factors:

"I find that Mr. Seiden [defense counsel] was extremely competent and spent an extraordinary amount of time with Mr. Kriner in going over the case and the pleas. I find nobody has taken advantage of Mr. Kriner and he has been very assertive and advocating for himself, and I . . . stand by my finding at the sentencing that his plea was freely, voluntarily, and intelligently made, and the fact that it was not put on the record by the prosecution, the failure to comply with pretrial release could very well result in a prison sentence."

After the trial court denied his motion to withdraw his plea, Kriner moved for a dispositional departure to probation. At his sentencing hearing in October 2020, the State supported Kriner's dispositional departure motion and made no comments to undermine its recommendation. In the end, the trial court granted Kriner's dispositional departure, sentencing him to 24 months' probation with an underlying sentencing of 32 months' imprisonment followed by 12 months' postrelease supervision.

Although Kriner's appeal would normally be untimely under K.S.A. 2021 Supp. 22-3608(c), Kriner timely filed his appeal given that it was filed while our Supreme Court had suspended all deadlines because of the COVID-19 pandemic. See Kansas Supreme Court Administrative Order 2020-PR-058, effective May 27, 2020.

ANALYSIS

*Did the trial court err by denying Kriner's presentencing motion to withdraw his plea?*

On appeal, Kriner argues that "his plea was not made knowingly and understandingly . . . due to the [S]tate's unspoken and unwritten reservation to recommend a prison sentence if his bond was revoked." He argues that this constituted good cause to withdraw his no-contest plea. Relying on *State v. Urista*, 296 Kan. 576, 583, 293 P.3d 738 (2013), he argues that the State committed an anticipatory breach of the plea agreement that violated his due process rights. Also, anticipating the State's response that his argument is moot because he ultimately received a dispositional departure to probation, Kriner argues that his complaint is not moot because there was a legitimate reason to withdraw his no-contest plea when the trial court considered his motion.

Relying on *State v. Torres*, 293 Kan. 790, 791-92, 268 P.3d 1197 (2012), the State responds by arguing that Kriner's argument about it anticipatorily breaching the plea agreement is moot because it followed the terms of the plea agreement at sentencing. Relatedly, it asserts that Kriner was not allowed to withdraw his no-contest plea based on its alleged anticipatory breach of the plea agreement as such an anticipatory breach could not violate his due process rights. Alternatively, it argues that the trial court correctly denied Kriner's presentencing motion to withdraw his plea under the *Edgar* factors.

In short, the State's argument is persuasive. Because Kriner received what he bargained for in the plea agreement, his complaint is moot. Even if his complaint is not moot, he has cited no authority establishing the existence of an anticipatory breach of a plea agreement. Also, he otherwise fails to prove that he was entitled to withdraw his no-contest plea. Thus, we affirm the trial court's denial of Kriner's presentencing motion to withdraw his no-contest plea.

*Kriner's complaint is moot.*

Appellate review requires the existence of a case or controversy. *NEA-Topeka, Inc. v. U.S.D. 501*, 227 Kan. 529, 531, 608 P.2d 920 (1980). "As part of the Kansas case-or-controversy requirement, courts require: (a) parties must have standing; (b) issues cannot be moot; (c) issues must be ripe, having taken fixed and final shape rather than remaining nebulous and contingent; and (d) issues cannot present a political question." *State ex rel. Morrison v. Sebelius*, 285 Kan. 875, 896, 179 P.3d 366 (2008). "[B]efore a court may dismiss a case as moot, it must conclude that the requested relief would not have an impact on the appellant's rights." *State v. Roat*, 311 Kan. 581, 593, 466 P.3d 439 (2020). Whether an issue is moot constitutes a question of law over which this court exercises unlimited review. *State v. Hilton*, 295 Kan. 845, 849, 286 P.3d 871 (2012).

In *Torres*, Torres argued that the trial court erred by denying his presentencing motion to withdraw his plea because the State violated a specific sentencing recommendation in its plea agreement with him. Our Supreme Court rejected this argument partly because at his sentencing hearing, Torres "ultimately received the sentence he bargained for." 293 Kan. at 792. This rendered Torres' complaint about the denial of his presentencing motion to withdraw his plea based on the State's alleged violation of his plea agreement moot. 293 Kan. at 792.

Here, Kriner argues that he should have been allowed to withdraw his no-contest plea presentencing because he allegedly learned information about the State's intention to oppose his forthcoming dispositional departure request. But as stressed by the State, it recommended the dispositional departure at sentencing. Then, the trial court granted Kriner's dispositional departure motion. So, just like in *Torres*, Kriner received what he bargained for in the plea agreement.

We are duty-bound to follow our Supreme Court precedent absent some indication that our Supreme Court is moving away from its previous holding. *State v. Meyer*, 51 Kan. App. 2d 1066, 1072, 360 P.3d 467 (2015). Kriner's case is comparable to *Torres*. Yet, in his brief, Kriner never addresses *Torres'* precedent. Simply put, following *Torres'* precedent, we reject Kriner's argument about the trial court denying his presentencing motion to withdraw his no-contest plea as moot.

*Kriner's argument is inadequate.*

It is a well-known rule of this court that an issue inadequately briefed is deemed waived or abandoned. *State v. Arnett*, 307 Kan. 648, 650, 413 P.3d 787 (2018). To adequately brief an argument, an appellant must support his or her argument with pertinent authority or show why it is sound despite a lack of supporting authority. *State v. Pewenofkit*, 307 Kan. 730, 731, 415 P.3d 398 (2018). Whether an appellant has adequately preserved an argument for appeal constitutes a question of law over which this court has unlimited review. *Johnson v. Board of Directors of Forest Lakes Master Assn.*, 61 Kan. App. 2d 386, 393, 503 P.3d 1038 (2021); see *State v. Bailey*, 315 Kan. ___, 510 P.3d 1160, 1164 (2022).

In his brief, Kriner supports his argument that the State anticipatorily breached its plea agreement with him by comparing his case to *Urista*. In *Urista*, the State made comments at sentencing that effectively undermined it and Urista's agreed upon sentencing recommendation under a plea agreement. In that circumstance, our Supreme Court held: "If the State fails to fulfill a promise it made in a plea agreement, the defendant is denied due process." 296 Kan. at 583.

But as the State counters in its brief, *Urista* is plainly distinguishable from Kriner's case. Kriner contends—based on his own allegation that he learned information that the State would not support his forthcoming dispositional departure motion—that the State

9

intended to breach their plea agreement at his sentencing. In contrast, *Urista* involved a completed breach of Urista's plea agreement by the State. Our Supreme Court's holding in *Urista* stands for the proposition that the State's completed breach of a plea agreement with a defendant constitutes a violation of that defendant's due process rights. So, contrary to Kriner's contention, *Urista* does not support his argument that the trial court violated his due process rights by denying his presentencing motion to withdraw his plea.

Also, although cited by neither party, we have clearly explained that to constitute an anticipatory breach, the offending party must *clearly and unequivocally refuse to perform some part of the contract*. In *Hefner v. Deutscher*, 58 Kan. App. 2d 58, 75, 464 P.3d 367 (2020), we explained that the term "threatened breach" in Hefner's contract was not comparable to an anticipatory breach for the following reason:

> "[A]n anticipatory breach, also known as an anticipatory repudiation, requires 'a clear and unequivocal refusal to perform' a contractual obligation. The person committing the anticipatory breach must refuse to perform his or her contractual obligation before performance is due. This refusal constitutes a complete renunciation of the person's obligation. Moreover, because an anticipatory breach involves a clear and unequivocal refusal to perform, Kansas courts consider an anticipatory breach a completed breach of contract. [Citations omitted.]"

So our analysis in *Hefner* fully undermines Kriner's contention that the State anticipatorily breached its plea agreement with him based on his contention that he heard that it intended to no longer support his dispositional departure motion. Here, there was no present indication that the State would not follow the plea agreement.

Also, Kriner cites no authority establishing that the State can anticipatorily breach its plea agreement with a defendant. Undoubtedly, this is because the remedy for the State breaching a plea agreement is reversing and remanding to the trial court for further proceedings where the State follows all terms of its plea agreement with the defendant.

See, e.g., *Urista*, 296 Kan. at 596. Hence, the remedy for the State breaching a plea agreement is a remand to the trial court for the State to follow through on the terms of its plea agreement with the defendant. In turn, Kriner's request to withdraw his no-contest plea based on the State's alleged breach of its plea agreement with him is nonsensical.

In any case, because Kriner cites no law establishing that the State can anticipatorily breach a plea agreement with a defendant, he has abandoned his argument by inadequately briefing it.

*Kriner's argument is otherwise unpersuasive.*

"A plea of guilty or nolo contendere, for good cause shown and within the discretion of the court, may be withdrawn at any time before sentence is adjudged." K.S.A. 2021 Supp. 22-3210(d)(1). When evaluating a trial court's good cause determination, this court reviews the trial court's decision for an abuse of discretion. *State v. Barber*, 313 Kan. 55, 58, 482 P.3d 1113 (2021). The trial court abuses its discretion when its decision is unreasonable, based on an error of law, or based on an error of fact. *State v. Levy*, 313 Kan. 232, 237, 485 P.3d 605 (2021).

When considering if a defendant has shown good cause to withdraw his or her plea presentencing, the trial court should evaluate at least three factors: (1) whether the defendant was represented by competent counsel; (2) whether the defendant was misled, coerced, mistreated, or unfairly taken advantage of; and (3) whether the plea was fairly and understandingly made. *Edgar*, 281 Kan. at 36. But all the factors are not required in every case and others can be "duly considered in the district judge's discretionary decision on the existence or nonexistence of good cause." *State v. Aguilar*, 290 Kan. 506, 513, 231 P.3d 563 (2010). Significantly, while engaging in this review, we must defer to the trial court's fact findings. This means that we accept the trial court's credibility

11

determinations so long as those determinations are supported by substantial evidence. *State v. Appleby*, 289 Kan. 1017, 1038, 221 P.3d 525 (2009).

Kriner complains that the trial court abused its discretion by denying his presentencing motion to withdraw his no-contest plea because he did not knowingly enter it. He argues that he could not have knowingly entered it because he was unaware of the State's "unspoken and unwritten reservation to recommend a prison sentence if his bond was revoked." Notwithstanding the previously discussed procedural issues with Kriner's argument, there are factual problems with Kriner's argument.

First, the State did not breach its plea agreement with Kriner. The agreement required the State to support Kriner's dispositional departure motion at sentencing. The State never argued that it would oppose the dispositional departure at the hearing for the motion to withdraw his plea. Then, at Kriner's sentencing, it supported his dispositional departure motion. Thus, the State in no way breached the plea agreement with Kriner.

Second, even if there were such a thing as an anticipatory breach of a plea agreement, no evidence supported that the State ever intended to breach the agreement. Indeed, the only evidence suggesting that the State *may* not follow the plea agreement was an unsupported sentence in Kriner's motion to withdraw his plea saying, "current counsel received word from the State that the State was no longer bound by plea negotiations and would be asking for a prison sentence." Yet, the trial court made a credibility determination against Kriner in denying his motion to withdraw his plea. Kriner never argues that the trial court erred by making this credibility determination against him. And given Kriner's history before the trial court, including his contention that his GPS monitoring bracelet fell off, the trial court properly made this credibility determination against him.

Third, Kriner has never argued that his attorney was incompetent. Or that he was somehow coerced into entering his plea agreement. His sole argument has always been that he did not understandingly enter his plea agreement because when entering his plea, he did not know that the State could oppose his dispositional departure motion should he violate his bond conditions before sentencing. Nevertheless, the record supports the trial court's finding that Kriner made his plea understandingly. Kriner's attorney testified that they discussed his plea agreement at length. Also, as noted by the trial court in denying Kriner's motion, Kriner made no objections to the agreement during his plea colloquy and responded appropriately to his questions.

In summary, the trial court's decision to deny Kriner's motion to withdraw his plea was not an abuse of discretion under the facts of Kriner's case. As a result, even if we were to disregard the fact that Kriner's appeal is moot and that he has not established the existence of an anticipatory breach of a plea agreement, we affirm the trial court's denial of Kriner's presentencing motion to withdraw his plea because Kriner knowingly entered his attempted robbery no-contest plea.

Affirmed.